IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **John Edward Mayer,** | ) | Case No. 07 B 07819 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MEMORANDUM OF DECISION**

This Chapter 7 case is before the court on an objection to an exemption claim. The debtor, John Mayer, asserts an exemption based on a provision of the Illinois Wage Deduction Act, 735 ILCS 5/12-803 (2006), that sets a limitation on the unpaid wages subject to collection by a judgment creditor. Mayer's largest creditor, joined by the Chapter 7 trustee, contends that this limitation does not create an exemption. However, as discussed below, the limitation in § 12-803 applies under Illinois law to any satisfaction of judgment from unpaid wages. Accordingly, the limitation is effectively an exemption, and the objection to Mayer's exemption claim will be overruled.

**Jurisdiction**

Pursuant to 28 U.S.C. § 1334(a), federal district courts have exclusive jurisdiction over bankruptcy cases. However, pursuant to 28 U.S.C. § 157(a), the district courts may refer bankruptcy cases to the bankruptcy judges for their district, and, by Internal Operating Procedure 15(a), the District Court for the Northern District of Illinois has made such a reference of the pending case. When presiding over a referred case, a bankruptcy judge has jurisdiction, under 28 U.S.C. § 157(b)(1), to enter appropriate orders and judgments as to core proceedings within the case. The allowance or disallowance of exemptions from the property of the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## Factual Background

The following facts are drawn from the parties' filings and are not in dispute. Mayer commenced this voluntary case under Chapter 7 of the Bankruptcy Code on April 30, 2007. On his schedule of personal property assets, Mayer listed $12,232.97 in "accounts receivable" owed to him for his professional services as a psychologist. Mayer simultaneously claimed an exemption for 85% of these receivables, or $10,398.00, based on the limitation contained in 735 ILCS 5/12-803 (2006). Brad Esposito, a judgment creditor, timely filed an objection to this exemption claim, contending that the limitation on collection set forth in § 12-803 applies only to wage deduction proceedings and so cannot serve as an exemption in bankruptcy. (*See* Objection ¶ 9, Bankruptcy Docket No. 27.) The Chapter 7 trustee has joined the objection. (Docket No. 46.) The court has received briefs from the parties on the legal issue raised by the exemption claim and objection.

## Legal Analysis

A general rule of the Bankruptcy Code (Title 11, U.S.C.) is that all of the property of a bankruptcy estate must be turned over to the trustee and used to pay creditors. *See* 11 U.S.C § 542; *In re Fishman*, 241 B.R. 568, 573 (Bankr. N.D. Ill. 1999) (explaining collection of property and distribution of estate assets to creditors). However, the Code permits a debtor to exempt property from the bankruptcy estate to provide for support during the case and to advance a fresh start thereafter. *See* 11 U.S.C. § 522(c). Bankruptcy exemptions are determined and fixed "on the date of the filing of the petition." 11 U.S.C. § 522(b)(3)(A). If the debtor claims a right to a valid exemption existing on the petition date, the exempt property passes out of the bankruptcy estate back to the debtor. *See* 11 U.S.C. § 522(c) ("property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case.").

2

Illinois domiciliaries may claim exemptions for "any property that is exempt under . . . State or local law" applicable on the date the bankruptcy petition was filed. 11 U.S.C. § 522(b)(3)(A); *Fishman*, 241 B.R. at 574 (explaining the incorporation of state exemption laws into the Bankruptcy Code). Generally, Illinois exemptions fall into the categories of homestead property, 735 ILCS 5/12-901 (2006), and personal property, 735 ILCS 5/12-1001 (2006). However, the homestead and personal property exemption statutes are not the exclusive sources of exemptions under Illinois law. The Illinois courts have recognized that there are "various similar remedial provisions under our statutes." *State Bank of Antioch v. Nelson*, 477 N.E.2d 77 (Ill. App. Ct. 1985); *accord In re Geise*, 992 F.2d 651, 659 (7th Cir. 1993) (noting that the Bankruptcy Code places a state "under no obligation to include [any particular exemption] within its general list of 'exemptions' in order to preserve it for its residents"); *In re Thum*, 329 B.R. 848, 852 (C.D. Ill. 2005) (noting that Illinois "courts have recognized specific exemptions under different legislative enactments").

In this case, Mayer claimed an exemption under § 12-803 of the Illinois Wage Deduction Act, 735 ILCS 5/12-803 (2006), which sets maximum amounts of a debtor's unpaid wages that may be deducted by an employer to satisfy a judgment, depending on the debtor's income level. The limitation on collection applicable to Mayer provides that "[t]he maximum wages, salary, commissions and bonuses subject to collection under a deduction order, for any work week shall not exceed . . . 15% of such gross amount paid for that week . . . ." *Id*. Mayer contends that this provision establishes an exemption of the remaining 85% of unpaid wages not subject to collection under a deduction order.[1]

---

[1] The objecting parties have not contended that Mayer's right to payment from his clients should be treated as something other than "wages, salary, commissions and bonuses" under § 12-803. And, indeed, Illinois case law suggests that accounts receivable from clients of an independent contractor should be treated as wages for purposes of the wage deduction law. *California-Peterson Currency Exch., Inc. v. Friedman*, 736 N.E.2d 616, 618 (Ill. App. Ct. 2000). Nor does the reference to "work week" preclude application to debtors paid on other

Mayer is correct. In determining whether a statutory provision confers an exemption, the critical question is whether it protects an asset of the debtor against all collection activities:

> While state courts frequently refer to statutes which prohibit only certain forms of judicial process as "exemption" statutes, the term "exemption" conventionally connotes protection against all forms of process . . . . [I]t is appropriate, in our view, to give the word its common meaning in the absence of any legislative indication to the contrary.

*Geise*, 992 F.2d at 658 (internal citations omitted); *accord In re Allard*, 196 B.R. 402, 410 (Bankr. N.D. Ill. 1996) (holding that a statute need not "explicitly use the word exempt in its text as a litmus test before the functional effect of the statute's language is applied or implemented"). *See also In re McClure*, 175 B.R. 21, 23 (Bankr. N.D. Ill. 1994) (allowing an exemption for benefits under the Illinois Worker's Compensation Act, where the statute provided that no benefit received "shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages"); *Mentzer*, 599 N.E.2d at 61 (same); *In re Simpson*, 115 B.R. 142 (Bankr. C.D. Ill. 1988) (allowing an exemption for a retirement annuity under the Teacher's Retirement System of Illinois, where the statute provided that the benefits conferred "shall be subject neither to attachment, garnishment, execution, or other seizure by process"). The question, then, is not the placement or wording of a statute claimed to create an exemption, but rather its effect: does it or does it not protect an asset against all forms of collection.

Unlike other assets that might be subject to levy, unpaid wages are neither in the possession of the debtor nor owned by the debtor. Without a statute allowing a creditor to pursue the debtor's entitlement to such wages, they would be immune from collection. *See First Fin. Co. v. Pellum*, 338 N.E.2d 876, 879 (Ill. 1975) (noting that "wage deduction is "an action in garnishment, a statutory proceeding unknown to the common law"); *Crawford v. Schmitz*, 139

---

than a weekly basis. *Id*. at 617 (applying the Wage Deduction Act to commissions earned monthly).

4

Ill. 564, 569 (Ill. 1891) (choses in action are not subject to execution at common law).  The Illinois General Assembly has allowed judgment creditors access to a judgment debtor's unpaid wages through the Wage Deduction Act, but with an express limitation.

To be sure, § 12-803 does not expressly negate assignment, attachment, levy, execution, and seizure, and so it might seem less than fully protective of unpaid wages.  But the nature of unpaid wages, as choses in action immune from these common law methods of satisfying judgments, makes the broader exemption language employed in other Illinois exemption provisions unnecessary.  *See Crawford*, 139 Ill. at 569.  The absence of references to assignment, attachment, levy, execution, and seizure is therefore no indication that the Illinois General Assembly intended unpaid wages to be subject to collection through these methods.[2]  The collection limitation of § 12-803 is accordingly broad enough to render the balance of unpaid wages exempt from liability for judgment—as long as there are no other statutory procedures allowing a greater amount of unpaid wages to be paid to satisfy a judgment.

The only other statutory procedure suggested by the objectors is a citation to discover assets under 735 ILCS 5/2-1402(a) (2006).  That procedure permits a judgment creditor to examine the judgment debtor or any third party to discover nonexempt assets of the judgment debtor.  The citation statute's primary aim is to provide creditors a means of discovering hidden assets of recalcitrant debtors.  *Kauk v. Matthews*, 426 N.E.2d 552, 556 (Ill. App. Ct. 1981).  When assets are discovered, however, the court may compel their application toward the payment of the amount due under the judgment.  735 ILCS 5/2-1402(c) (2006).  Specifically, the court may order turnover of the judgment debtor's assets, garnishment of funds due the judgment debtor, or sale of discovered property.  735 ILCS 5/2-1402(c)(1)-(6) (2006).  The

---

[2] To the contrary, the General Assembly has expressed a general intent to protect a portion of unpaid wages from creditors.  Although a voluntary assignment of unpaid wages is not a collection mechanism, the Assembly has imposed the same limitations on assignment as it has on wage deductions.  *See* Illinois Wage Assignment Act, 740 ILCS 170/4 (2006).

5

citation summons creates a lien binding on nonexempt personal property of the debtor "in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party." 735 ILCS 5/2-1402(m)(2) (2006). These provisions have been interpreted as making the citation process available to enforce a judgment against unpaid wages. *See Kauk*, 426 N.E.2d at 557 ("The record in this case indicates that the court below felt that citation proceedings could never be used in a situation where a wage garnishment under the Wage Deduction Act would apply. [T]his is an erroneous view . . . .").[3]

However, in two distinct provisions, the statute defining the citation to discover assets expressly limits the collection of wages due a judgment debtor to the same extent as the Wage Deduction Act. First, the citation statute "does not grant the power to any court to order installment or other payments from . . . any property exempt by statute from . . . a deduction order . . . ." 735 ILCS 5/2-1402(j) (2006). Second, the citation procedure includes the requirement that a prominent notice be sent to the citation respondent, in the following form:

> THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:
> . . .
>
> (3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to . . .15% of gross weekly wages . . . .
>
> The judgment debtor may have other possible exemptions under the law.
> ...

---

[3] At the same time, *Kauk* presented several reasons why citation proceedings are less favored for enforcing judgments against a debtor's wages held by employers. 426 N.E.2d at 557. One of the few reasons why a citation procedure might be preferable—that it creates a continuing lien—was eliminated by a 1999 amendment to the Wage Deduction Act under which the deduction order imposed a continuing lien, so that judgment creditors did not have to seek a new order every payment period to continue their interests in the debtor's accruing wages. 735 ILCS 5/12-808(b) (2006).

6

735 ILCS 5/2-1402(b) (2006).[4]

Thus, the citation procedure does not allow satisfaction of judgments from unpaid wages in any amount greater than the limitations set out in § 12-803 of the Wage Deduction Act. No other statute has been suggested as an alternative means for doing so, and, as the Illinois Supreme Court held in *Pellum*, 338 N.E.2d at 879, there is no common law procedure that allows it.

The 15% collection limitation of § 12-803 therefore imposes an exemption as to 85% of a debtor's unpaid wages, applicable under the Bankruptcy Code.[5] The portion of Mayer's ac-

---

[4] The Illinois General Assembly recently amended the Code of Civil Procedure, adding subsection (k-5) to 735 ILCS 5/2-1402. The new subsection provides:

> If the court determines that any property held by a third party respondent is wages pursuant to Section 12-801 [of the Wage Deduction Act], the court shall proceed as if a wage deduction proceeding had been filed and proceed to enter such necessary and proper orders as would have been entered in a wage deduction proceeding including but not limited to the granting of the *statutory exemptions allowed by Section 12-803* [the maximum wages subject to collection] and all other remedies allowed plaintiff and defendant pursuant to Part 8 of Article 12 of this Act.

735 ILCS 5/2-1402(k-5) (2008) (emphasis added). This addition further emphasizes the General Assembly's intent to incorporate the procedures of the Wage Deduction Act into the citation statute. However, because the amendment became effective on January 1, 2008, after Mayer filed his bankruptcy petition, it does not affect his current exemption claim.

[5] *In re Thum*, 329 B.R. 848 (Bankr. C.D. Ill. 2005) reached the contrary conclusion, but, for the reasons stated in this opinion, it is not persuasive. *Thum* relies in part on the applicability of the citation procedure to unpaid wages as establishing that the limitation in § 12-803 cannot be an exemption. *Thum*, 329 B.R. at 854. This rationale, in turn, is based on an observation in *Wienco, Inc. v. Scene Three, Inc.*, 29 F.3d 329, 330 (7th Cir. 1994), that under the citation procedure, "a judgment creditor can enforce its judgment against whatever portion of the debtor's income the court decides is appropriate to satisfy the outstanding judgment." See *Thum*, 329 B.R. at 855. However, the observation in *Wienco* is not relevant here. *Wienco* did not involve an attempt to enforce a judgment against the wages payable by the debtor's employer, but rather an installment payment order directed at the debtor personally. *Wienco*, 29 F.3d at 330. Moreover, as noted above, under the current statute, no order for installment payments may exceed the amount permitted under a deduction order. *See* 735 ILCS 5/2-1402(j) (2006).

*Thum* also observes that recognizing an exemption for accrued wages would create the "anomalous result that wages, exempt while unpaid, would lose their exempt status upon re-

7

counts receivable that was not subject to collection as of the petition date is therefore exempt from his bankruptcy estate.

## Conclusion

For the foregoing reasons, the objection to Mayer's claim of exemption is overruled. A separate order will be entered consistent with this opinion.

Dated: June 12, 2008

_____
Eugene R. Wedoff
United States Bankruptcy Judge

---

ceipt by the employee." *Thum*, 329 B.R. at 855. But since state law exemptions in bankruptcy are fixed "on the date of the filing of the petition," 11 U.S.C. § 522(b)(3)(A), the wages would remain exempt after payment to the debtor and could be used to pay a debtor's necessary living expenses during the pendency of the case and thereafter.

8